UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Victoria A. Steffen, Esq.
311 South Main Street
PO Box 627
Cape May Court House, NJ 08210
609-463-0611
609-463-1990 Fax

Attorney for Debtor (s)

**Order Filed on March 26, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Stanley J. Yasik IV

Case No.:       18-13437_____

Hearing Date:  3/26/2019 @10 AM___

Chapter:        ____13_____

Judge:          _ABA_____

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: March 26, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as ____1518-1520 Yacht Avenue Unit 104, Cape May, NJ_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| |
|---|
| Name of professional:    Dagmer Chew- Homestead Real Estate |
| Amount to be paid:    Commission per listing agreement not to exceed  $22,350.00  (6%) |
| Services rendered:  Marketing and Sale of 1518-1520 Yacht Avenue, Unit 104, Cape May, NJ |

**OR**: ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate

broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $ 23,675.00_ claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☒ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions: First mortgage of DiTech Financial LLC will be paid in full at settlement in accordance with a verified payoff provided by the Secured Creditor. Devils Reach Condominium Association will be paid in full at settlement. Once payment has been made at closing and funds have cleared, these creditors shall amend or withdraw their respective proofs of claim filed in Debtor's case to reflect payment in full.